|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | JUAN ANDRES REYES, | Case No.: 2:19-cv-01013-APG-GWF |
| 4 | Petitioner | **ORDER** |
| 5 | v. | |
| 6 | DIRECTOR JAMES DZURENDA, et al., | |
| 7 | Respondents | |

Petitioner Juan Andres Reyes has submitted a *pro se* petition for writ of habeas corpus, under 28 U.S.C. § 2254 (ECF No. 1-1). However, Reyes has failed to submit an application to proceed *in forma pauperis* or pay the filing fee. Accordingly, this matter has not been properly commenced. *See* 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2. Thus, this action will be dismissed without prejudice to the filing of a new petition in a new action with either the $5.00 filing fee or a completed application to proceed *in forma pauperis* on the proper form with both an inmate account statement for the past six months and a properly executed financial certificate.

I note that Reyes challenges the computation of his sentence, but it does not appear from the petition that he has exhausted his state-court remedies. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct

appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

IT IS THEREFORE ORDERED that this action is **DISMISSED** without prejudice to the filing of a new petition in a new action with either the $5.00 filing fee or a properly completed application to proceed *in forma pauperis*.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**, as jurists of reason would not find the dismissal of this improperly commenced action without prejudice to be debatable or incorrect.

IT IS FURTHER ORDERED that the Clerk shall send the petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted in this action.

IT IS FURTHER ORDERED that the Clerk shall ENTER JUDGMENT accordingly and close this case.

Dated: June 27, 2019

_____
U.S. District Judge Andrew P. Gordon